THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA v. ZIRIAX

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA v. ZIRIAX

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA v. ZIRIAX2020 OK 26Case Number: 118765Decided: 05/04/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 26, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA, ANGELA ZEA PATRICK, and PEGGY JEANNE WINTON, Petitioners,
v.
PAUL ZIRIAX, SECRETARY OF THE OKLAHOMA STATE ELECTION BOARD, in his official capacity, Respondent.

ORDER

Original jurisdiction is assumed in this matter to review Petitioner's Application to Assume Original Jurisdiction and Issue Extraordinary Relief. In 2002, the Oklahoma Legislature enacted an alternative method for the making of a declaration, verification, certificate, or affidavit. 2002 Okla.Sess.Laws Ch. 468, § 2. A statement signed, dated, and declared made under the penalty of perjury as set forth in 12 O.S.2011, § 426 carries the force and effect of an affidavit "under any law of Oklahoma or under any rule, order, or requirement made pursuant to the law of Oklahoma" except for a deposition, an oath of office, or an oath required to be taken before a specified official other than a notary public. Video Gaming Techs., Inc. v. Rogers Cty. Bd. of Tax Roll Corr., 2019 OK 83, ¶ 4 n. 1; In re Reinstatement of Pacenza, 2009 OK 9, ¶ 25 n. 39, 204 P.3d 58. The affidavit required within the absentee voting statutes (26 O.S.Supp.2019, § 14-101, et seq.) does not fall within this list of exceptions. Therefore, Respondent is directed to recognize affidavits made under the provisions of § 426 in the context of absentee voting. Chandler U.S.A., Inc. v. Tyree, 2004 OK 16, ¶ 24, 87 P.3d 598; 26 O.S.2011, § 2-107. Respondent is further ordered to send absentee ballot voters such forms, instructions, and materials as will facilitate the use of § 426. Id.; 26 O.S.2011, § 14-127, & § 14-128. Respondent is barred from issuing ballot forms, instructions, and materials suggesting notarization and/or a notarized affidavit form is the only means through which the requisite affidavit for absentee voting may be accomplished. Cannon v. Lane, 1993 OK 40, ¶ 12, 867 P.2d 1235; 26 O.S.2011, § 14-127, & § 14-128.

DONE BY THE ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4th DAY OF MAY, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Edmondson, Colbert, Combs, JJ., concur;

Winchester, Kane (by separate writing) and Rowe (by separate writing), dissent.

Kane, J., with whom Winchester, J., joins, dissenting

"I conclude that our existing statutes do not provide the relief proposed by the Petitioners, so the issues stand presented to the wrong branch of government. I dissent."

Rowe, J., dissenting:

¶1 I dissent from today's order directing the Secretary of the Oklahoma State Election Board to recognize affidavits made under the provisions of 12 O.S.§ 426 in the context of absentee voting.

¶2 In 2010, Oklahoma voters overwhelmingly approved State Question 746, the Oklahoma Voter I.D. Act, which requires voters to provide a form of identification at the polls in order to vote. 26 O.S. § 7-114.

¶3 This Court upheld the Oklahoma Voter I.D. Act in Gentges v. Oklahoma State Election Board:

While the people have made it clear by constitutional command that they do not want the civil or military power of the state to interfere to prevent the free exercise of the right of suffrage, the people have made it equally clear by a coordinate constitutional command that they want the right of suffrage protected from fraud.

2014 OK 8, ¶21, 319 P.3d 674, 679.

¶4 Considering the history of voter fraud, the specifics of our absentee voter process, and recent legislative history, I agree with the Respondent that it would be absurd to now open the gates and provide for no verification for absentee ballots but still require in-person voters to provide a valid I.D. See McIntosh v. Watkins, 2019 OK 6, ¶4, 441 P.3d 1094, 1096 ("Statutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits.").

¶5 Accordingly, I respectfully dissent.

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1993 OK 40, 867 P.2d 1235, 64 OBJ 972, Cannon v. LaneDiscussed
 2004 OK 16, 87 P.3d 598, CHANDLER (U.S.A.), INC. v. TYREEDiscussed
 2009 OK 9, 204 P.3d 58, IN THE MATTER OF REINSTATEMENT OF PACENZADiscussed
 2014 OK 8, 319 P.3d 674, GENTGES v. OKLAHOMA STATE ELECTION BOARDDiscussed
 2019 OK 6, 441 P.3d 1094, MCINTOSH v. WATKINSDiscussed
 2019 OK 83, VIDEO GAMING TECHNOLOGIES v. ROGERS COUNTY BD. OF TAX ROLL CORRECTIONSCited
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 426, AffidavitDiscussed
Title 26. Elections
 CiteNameLevel

 26 O.S. 2-107, Secretary's DutiesCited
 26 O.S. 7-114, Procedure for Determining Eligibility - Proof of Identity - Penalty for False Swearing or Affirming Under OathCited
 26 O.S. 14-101, Absentee Ballots AuthorizedCited
 26 O.S. 14-127, Prescribing FormsDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA